# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01409-COA

**ARTHUR LESTRICK**                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                **APPELLEE**

DATE OF JUDGMENT:                  01/12/2022
TRIAL JUDGE:                            HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED:      COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          ARTHUR LESTRICK (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                       BY: ALEXANDRA RODU ROSENBLATT
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 06/20/2023
MOTION FOR REHEARING FILED:

### BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     In 2009, a Copiah County grand jury indicted Arthur Lestrick for capital murder for shooting and killing an eighteen-year-old Stuckey's employee during an armed robbery of the store.  In November 2009, following a trial, a Copiah County jury found Lestrick guilty of capital murder.  Prior to sentencing, Lestrick filed a petition to plead guilty in exchange for the State's agreement not to pursue the death penalty.  Following a thorough plea colloquy, the trial court found that Lestrick had knowingly, intelligently, and voluntarily pled guilty.  The court then accepted Lestrick's plea and sentenced him to life imprisonment without eligibility for parole.

¶2.     Lestrick has since filed multiple motions for post-conviction relief (PCR), all of which

the trial court has denied or dismissed. Most recently, in December 2021, Lestrick filed his third PCR motion, alleging that his attorney coerced him into pleading guilty and provided ineffective assistance of counsel. Lestrick also claimed that his conviction following both a guilty verdict and a guilty plea violated "double jeopardy." The trial court dismissed Lestrick's PCR motion, holding it was barred by the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act. Lestrick appealed.

¶3.     We affirm. A PCR motion must be filed within three years of the entry of a judgment of conviction on a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Therefore, Lestrick's present PCR motion was filed more than nine years too late. In addition, an order denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Therefore, Lestrick's present (third) PCR motion is also barred as an impermissible successive motion. There are certain statutory exceptions to the statute of limitations and successive-motions bar. *Id.* §§ 99-39-5(2)(a)-(b) & 99-39-23(6). But Lestrick's claims do not implicate any of the statutory exceptions. Therefore, the trial court properly dismissed Lestrick's PCR motion.

¶4.     **AFFIRMED.**

     **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**